[No. B020832. Second Dist., Div. Five. Jan. 13, 1987.]

In re GLORIA J., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN'S SERVICES,
Petitioner and Respondent, v.
WILLIE J., Defendant and Appellant.

COUNSEL

Kenneth J. Sargoy and Sargoy & Blum for Defendant and Appellant.

De Witt W. Clinton, County Counsel, and Joe Ben Hudgens, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

HASTINGS, J.—A petition was filed in dependency court when Gloria J. was 17. When the adjudication hearing was held, she had turned 18. This appeal asks us to determine whether the court had jurisdiction over Gloria J. at the time of the adjudication hearing after she had turned 18.

The petition was filed November 6, 1985, and alleged that Gloria J., born February 12, 1968, resided with her father, Willie J. (appellant); and that he failed to exercise proper and effective parental care and control. The petition contained two counts. Count I alleged that appellant had sexually molested Gloria J. during the preceding eight years; count II alleged Gloria's mother's interest and ability to parent her were unknown. The detention hearing (Welf. & Inst. Code, § 315) was held November 7, 1985, and the court found that a prima facie case had been made that Gloria J. was a person

described under section 300, subdivisions (a) and (d).[1] The adjudication or jurisdiction hearing subsequently was set for December 17, 1985. On December 17, 1985, the hearing was continued to March 10, 1986, because appellant's counsel was ill. The adjudication hearing finally was held on March 10, 1986. Appellant moved to dismiss, arguing the court had lost jurisdiction because Gloria J. had turned 18 on February 12, 1986. The court denied the motion, ruling, "Analogizing it to Welfare and Institutions Code section 602 situation, a minor commits murder at age 17, doesn't come to trial until he's 18, jurisdiction attaches if the petition is found true. I don't see any reason to be any different here. . . . [M]y ruling is that at the time the alleged acts occurred, the child was a minor. And that is what the court's jurisdiction stems from." The court heard testimony, sustained the petition, and ordered Gloria J. detained in McClaren Hall or department of social services shelter care. The disposition hearing was set for April 4, 1986.

On April 4, 1986, appellant objected to the court's action, again arguing lack of jurisdiction. The court overruled the objection and ordered implementation of the recommendations contained in the children's services worker's report.[2]

Appellant appeals repeating the jurisdiction argument raised below. We reverse the judgment and order the petition dismissed.

To better understand the issue presented in this appeal a brief summary of the dependency court process is helpful. When a minor is identified by the department of children services as being in need of protection and is taken into custody, a petition must be filed in superior court within 48 hours. (§ 313, subd. (a); Cal. Rules of Court, rule 1331(a).) If the minor remains in custody after the petition is filed, a juvenile court hearing is held to determine solely whether the minor shall be further detained. This "detention" hearing must occur as soon as possible but in any event before the expiration of the next judicial day. (§ 315; Cal. Rules of Court, rule 1331(e).) No minor may be ordered detained by the court unless a prima facie showing has been

---

[1]Welfare and Institutions Code section 300 in pertinent part, provides: "Any person under the age of 18 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court: (a) Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising care or control, or has no parent or guardian actually exercising care or control. . . . (d) Whose home is an unfit place for him or her by reason of neglect, cruelty, depravity, or physical abuse of either of his or her parents, . . . or other person in whose custody or care he or she is. . . ."

All references are to the Welfare and Institutions Code.

[2]Respondent department of children's services in its brief, indicates it subsequently recommended that the court terminate its jurisdiction because Gloria J. had moved to Mississippi to live with her mother. The court properly ruled that it could not terminate jurisdiction while the appeal was pending.

made that the minor is a person described under section 300 and one or more of the grounds listed in section 319 is found to exist. (§ 319; Cal. Rules of Court, rule 1336(a).) The court then sets the jurisdiction or adjudication hearing. If the minor remains detained, the jurisdiction hearing must be set within 15 judicial days from date of the court order of detention. (§ 334; Cal. Rules of Court, rule 1361(b).) The process to be followed at the jurisdiction hearing is set forth in section 355. In pertinent part, it provides, "At the hearing, the court shall first consider only the question whether the minor is a person described by section 300. . . ."

Now to the facts of this case. It is resolved through interpretation of section 300 and section 355. ■ The fundamental and controlling rule of statutory construction is that we ascertain the intent of the Legislature and act to effectuate the purpose of the law. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) Section 300 identifies the person who may be subject to juvenile court's dependency jurisdiction. It states, "Any person under the age of 18 . . ." As noted above, section 355 directs the court at the jurisdiction hearing to first determine whether it has jurisdiction over the minor, as defined by section 300. (See also Cal. Rules of Court, rules 1364(d) and 1365(g).)

■ The language of these two statutes leaves little room for interpretation. The first time the court was called upon to determine the question of its jurisdiction, Gloria J. was over 18 and no longer within the group defined by section 300. Clearly, the court had no jurisdiction over Gloria J. at the time of the adjudication hearing.

The court incorrectly analogized its jurisdiction under section 300 to its jurisdiction under section 602. In that case, the court is acting to rehabilitate a person who committed an offense and was detained while a minor. Here, the court is acting to protect a minor from the abusive control and actions of a parent. Once the minor reaches the age of majority, the parent has no legal ground upon which to exercise control, and the court no longer needs to interject itself in the relationship for the protection of a minor.

This ruling is not in conflict with section 301, which provides, "The court may retain jurisdiction over any person who is found to be a dependent child of the juvenile court until such ward or dependent child attains the age of 21 years." This section is premised on the court having properly exercised jurisdiction, pursuant to section 300, in the first instance, i.e., at the adjudication hearing. Such is not the case at bench.

We are troubled by the fact that had appellant's counsel not been ill at the time the adjudication hearing was first set, this appeal never would have

materialized. However, the statutory scheme and language is clear, and we must rule in concert with the legislative mandate.[3] As mentioned above, had the adjudication hearing been held before Gloria J. turned 18, the court could have retained jurisdiction until she was 21 (§ 315). In a case of this kind this would appear to be beneficial; however, a legislative amendment of section 300 would be required stating that jurisdiction attaches at the time the section 300 petition is filed.

The judgment is reversed and the petition ordered dismissed. Each party to pay his or its own costs.

Feinerman, P. J., and Eagleson, J., concurred.

---

[3]Appellant has expressed a desire to expunge the dependency court's action in this case so as to protect his right to retain care and custody of his younger child and/or future children. However, should the department of children's services petition the court to declare appellant's other children dependents of the court, it need only subpoena Gloria J. Her testimony regarding appellant's sexual abuse of her would be relevant to the dependency court's determination. (*In re Michael S.* (1981) 127 Cal.App.3d 348 [179 Cal.Rptr. 546].)